IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIELLE A. PHILLIPS,<br><br>Defendant. | Case No. 2:23-CR-00332-MHH-JHE-2 |

## MEMORANDUM OPINION REGARDING SENTENCING

At the February 20, 2025 sentencing hearing in this matter, the United States objected to the Court's decision to hear objections from Ms. Phillips to the presentence investigation report that the Probation Office released on June 13, 2024. For the reasons discussed below, the objection is not well-taken.

By way of background, on November 21, 2023, Ms. Phillips pleaded guilty to one count of conspiracy to commit wire fraud. (Nov. 21, 2023 minute entry). At the time, Ms. Phillips was a practicing attorney in El Paso, Texas. (Doc. 120, p. 20).[1] Ms. Phillips's plea agreement obligated her to "report her conviction to any

---

[1] Under her pretrial bond, Ms. Phillips could travel to this judicial district and the States of Texas, New Mexico, and Arizona. (Doc. 7, p. 3).

1

jurisdiction in which she [was] licensed as an attorney to practice law within 14 days of entering her guilty plea." (Doc. 42, p. 1; *see also* Doc. 119, p. 6, ¶ 9).[2]

On January 19, 2024, by videoconference, a presentence writer from the United States Probation Office interviewed Ms. Phillips. (Doc. 119, p. 18, ¶ 52). At the time, Mr. Glennon Threatt represented Ms. Phillips, and he participated in the interview. (Doc. 119, pp. 1, 18, ¶ 52). During the interview, Ms. Phillips reported that she "shut down her legal practice as she [would] likely be disbarred or [would] surrender her license to practice." (Doc. 119, p. 21, ¶ 73). Ms. Phillips was disbarred from the District of New Mexico on February 27, 2024. (Doc. 119, p. 21, ¶ 74).

The Probation Office released its initial PSR on February 28, 2024. (Doc. 119, p. 1). Mr. Threatt did not object to the PSR. On March 13, 2024, the government filed objections to the PSR to clarify information in the report regarding Ms. Phillips's disbarment in New Mexico. (Doc. 56). The government stated that the clarification did not affect either Ms. Phillips's offense level or her criminal history category. (Doc. 56, p. 1). Per the government's objection, on April 1, 2024, the Probation Office updated Ms. Phillips's PSR. (Doc. 56, p. 2; Doc. 120, p. 20, ¶ 74). Mr. Threatt did not file objections to the April 1, 2024 PSR. Under the February

---

[2] In August 2023, while she was represented by another attorney, Ms. Phillips signed a plea agreement containing an identical provision. (Doc. 3, p. 1).

2

and April 2024 PSRs, Ms. Phillips's guideline imprisonment range was 30 to 37 months. (Doc. 120, p. 23, ¶ 89).

On May 3, 2024, the Court set Ms. Phillips's sentencing hearing for July 9, 2024. (Doc. 67).[3] On May 31, 2024, the government filed objections to the PSR. (Doc. 68). The government acknowledged that its objections were untimely but asked the Court to accept the objections because there was good cause for the delay. (Doc. 68, pp. 1-2, n.1). The government stated:

> Objections to the PSR were originally due by March 13, 2024. *See* Fed. R. Crim. P. 32(f)(1). However, the United States did not obtain the newly discovered information discussed herein until May 17, 2024. Thus, the United States asks the Court to accept these objections, as "good cause" exists based on the newly discovered evidence that was unknown during the original objection period. *See* Fed. R. Crim. P. 32(i)(1)(D). Additionally, the purpose of requiring objections to be made within 14 days is to ensure that the parties, the Probation Office, and the Court have sufficient time to consider any such objections. See *United States v. Aguilar-Ibarra*, 740 F.3d 587, 591 (11th Cir. 2014). Sentencing in this matter is scheduled for July 9, 2024, providing the parties, the Probation Office, and the Court with ample opportunity to consider the United States' present objections.

(Doc. 68, pp. 1-2, n.1).[4]

---

[3] The Court had continued previous sentencing dates. (Docs. 63, 65).

[4] Rule 32(f)(1) of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after receiving the [PSR], the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." FED. R. CRIM. P. 32(f)(1). For good cause shown, a district court may extend the 14-day deadline. FED. R. CRIM. P. 32(b)(2).

The government asserted that on May 17, 2024, an individual informed the government that she signed a contract with Ms. Phillips in March 2024 on Ms. Phillips's firm's letterhead. Under the contract, Ms. Phillips agreed to represent the individual's husband in an immigration matter. (Doc. 68, p. 3).[5] The government asked to amend the PSR to include a two-level enhancement for obstruction under U.S.S.G. § 3C1.1. The government argued that the obstruction enhancement applied because Ms. Phillips gave false information to the presentence writer in the January 2024 presentence interview about her plans to close her law practice and because the false information was material to the probation officer in preparing the PSR and to the Court in determining Ms. Phillips's sentence. (Doc. 68, pp. 2-6).

In its May 31 objections, the government also argued that Ms. Phillips should not receive a reduction in offense level for acceptance of responsibility because the obstruction enhancement "'ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.'" (Doc. 68, p. 7) (quoting U.S.S.G. § 3E1.1 app. n. 4). In the alternative, the government argued that although it initially agreed that Ms. Phillips accepted responsibility, it opposed a downward adjustment in offense level for acceptance of responsibility because Ms. Phillips was untruthful

---

[5] The government indicated that the individual paid Ms. Phillips $3,000 of a $7,500 fee via CashApp and Zelle, that Ms. Phillips did not provide representation, and that Ms. Phillips did not return the funds. (Doc. 68, p. 3).

during her January 2024 interview with the presentence writer. (Doc. 68, p. 8) (quoting Doc. 42, pp. 10-11) (The "'Government may oppose any adjustment for acceptance of responsibility if the defendant . . . (4) is untruthful with the Court, the Government, or the United States Probation Officer.").

Without a ruling from the Court on the timeliness of the government's May 31 objections to Ms. Phillips's PSR, the Probation Office revised Ms. Phillips's PSR again on June 13, 2024. (Doc. 119, p. 1). The Probation Office added to Ms. Phillips's offense level calculation two levels for obstruction of justice, and the Probation Office eliminated the points previously credited for acceptance of responsibility. (Doc. 119, pp. 14-16, ¶¶ 29-31, 38, 41). The June 2024 PSR states:

> According to the government, the defendant entered into a contract for legal services on her law firm's letterhead. The contract was drafted on February 15, 2024, and signed by both parties, Phillips, and [M.T.], on March 1, 2024, two days after the disclosure of the defendant's presentence report on February 28, 2024. The agreement was that the defendant would represent [G.T.O.] as his immigration attorney. In the presentence report, specifically the Employment Record section, it notes that Phillips is unemployed. Additionally, paragraph 73 indicates that the defendant "shut down her practice as she will likely be disbarred or will surrender her license to practice." The defendant did not file any objections to the presentence report.

(Doc. 119, p. 14, ¶ 30). The revisions to the offense level calculation produced a guideline imprisonment range of 51 to 63 months, which was capped at 60 months by the applicable five-year statutory maximum. (Doc. 119, p. 23, ¶ 89).[6] The June

---

[6] The PSR mistakenly omits the 60-month cap on the guideline range.

2024 guideline imprisonment range nearly doubled the April 2024 range. Mr. Threatt did not file objections to the June 13, 2024 PSR.

Days before the July 9 sentencing hearing, on July 6, 2024, Mr. Threatt filed a motion to withdraw as Ms. Phillips's attorney. (Doc. 72). In his motion, he stated that he had not been able to communicate with Ms. Phillips, and he did not know where she was. (Doc. 72). Mr. Threatt also filed a motion to continue the sentencing hearing. In that motion, Mr. Threatt stated that he could not participate in a sentencing hearing until July 12, 2024 for medical reasons. (Doc. 73).

The magistrate judge set a hearing on Mr. Threatt's motion to withdraw. (Docs. 74, 78). Before the hearing, Ms. Phillips filed a *pro se* motion to participate in the hearing by telephone. (Doc. 88). In her August 2024 submission, Ms. Phillips stated that Mr. Threatt had not given her notice of his medical leave and that she already had incurred expense to travel to Birmingham for her sentencing hearing. (Doc. 88, p. 1). Ms. Phillips indicated that she became aware of the hearing on Mr. Threatt's motion to withdraw when she called the Clerk's Office to ask about her case; she did not receive notice from Mr. Threatt. (Doc. 88). Upon receipt of a financial affidavit from Ms. Phillips, the magistrate judge granted Mr. Threatt's motion to withdraw and, on August 22, 2024, appointed CJA attorney Scott Brower to represent Ms. Phillips. (Doc. 91).

The Court held Ms. Phillips's sentencing hearing on February 20, 2025. At the hearing, Mr. Brower orally objected to the adjustments to Ms. Phillips's offense level in the June 13, 2024 PSR and the resulting increase in her guideline range. Mr. Brower indicated that he did not receive the June 13, 2024 PSR from Mr. Threatt; Mr. Brower had prepared for the hearing using the April 2024 PSR. It is not clear from the record that Mr. Threatt received the June 13, 2024 PSR. By early July 2024, Mr. Threatt was addressing medical issues, so he may not have received the June 2024 PSR.[7] If Mr. Threatt did receive the June 2024 PSR, he did not provide it to Mr. Brower when Mr. Brower began representing Ms. Phillips in August 2024, and the Probation Office did not provide a copy of the June 2024 PSR to Mr. Brower.

On this record, the government's objection to Mr. Bower's objection to the PSR as untimely is misplaced. Just as the Government asked the Court in May 2024 to consider its untimely objections to the PSR because the government had just received the information that prompted its objection, Mr. Brower presented Ms. Phillips's objection to the PSR as soon as he became aware of the basis for an objection. Nothing in the record suggests that Brower is responsible for the delay in his receipt of the June 2024 PSR. If anything, it would have been error for the Court

---

[7] Given that the guideline range in the June 2024 PSR doubled the guideline range in the February and April PSRs, the absence of an objection to the June 13 PSR before June 27, 2024 suggests that Mr. Threatt did not receive the June 2024 PSR or at least was not aware that he had received the report because he was attending to medical concerns.

7

to sustain the government's objection to the timeliness of Ms. Phillips's objection to the June 2024 PSR and continue to judgment without giving Mr. Brower time to review and object to the June PSR. For the reasons discussed at the sentencing hearing, the Court denied Mr. Brower's request to continue that hearing.

A probation officer must disclose a presentence report "to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." FED. R. CRIM. P. 32(e)(2). A party who objects to the report must file the objection in writing within 14 days of receipt of the PSR, FED. R. CRIM. P. 32(f)(1), but for good cause, a district court may extend the 14-day deadline, FED. R. CRIM. P. 32(b)(2). After receiving written objections from the parties, the probation officer "may meet with the parties to discuss the objections," "investigate further," and "revise the presentence report as appropriate." FED. R. CRIM. P. 32(f)(3). At least seven days before sentencing, the probation officer must submit the presentence report to the district court with "an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them." FED. R. CRIM. P. 32(g).

At sentencing, a district court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence," and "may, for good cause, allow a party to make a new objection at any time before sentence is imposed." FED. R. CRIM. P. 32(i)(1)(C), (D); *see United*

*States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007) (discussing how, if good cause is shown, a district court has the discretion to alter the time limit for filing an objection or allow a party to make a new objection any time before imposing a sentence) (citing FED. R. CRIM. P. 32(b)(2), (i)(1)(D)).

The Court had good cause to allow Mr. Brower to make new objections to the June 13, 2024 revised PSR at the sentencing hearing. The issue of the government's out-of-time objection to the PSR in May 2024 first was presented to the Court at Ms. Phillips's sentencing hearing. Arguably, the June 2024 PSR was not in play until the Court accepted the government's untimely objection. The Court allowed Mr. Brower to comment on the probation officer's determinations and other matters relating to an appropriate sentence, including his lack of opportunity to object the June 2024 PSR before sentencing. The Court properly exercised its discretion to allow Ms. Phillips to make a new objection to the PSR before the Court imposed a sentence.

**DONE** and **ORDERED** this May 16, 2025.

*[signature: Madeline H. Haikala]*

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

9